

**SECRETARY OF STATE**
P.O. Box 718
Frankfort, Kentucky 40602-0718



CERTIFIED MAIL

7192 2677 0010 0171 6159

RETURN RECEIPT (ELECTRONIC)



RETURN RECEIPT REQUESTED
LINCOLN FINANCIAL GROUP
8801 INDIAN HILLS DRIVE
OMAHA, NE 68114





02 1A   $ 05.01⁰
0004395902   APR 11 2013
MAILED FROM ZIP CODE 40601

Law

681484066 CC6S



RECEIVED APR 1 5 2013

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

April 11, 2013

LINCOLN FINANCIAL GROUP
8801 INDIAN HILLS DRIVE
OMAHA, NE 68114

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 13-CI-001643

COURT: Circuit Court Clerk
Jefferson County, Division: 3
700 West Jefferson St.
Louisville, KY 40202
Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| AOC-105 Doc. Code: CI | | Case No. _____ |
|---|---|---|
| Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | (seal)<br>CIVIL SUMMONS | Court ☐ Circuit ☐ District<br>County _____ |

**13 CI 001643**

PLAINTIFF

TERESA WHITE

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
APR 01 2013
BY _____ DEPUTY CLERK

VS.

DEFENDANT

LINCOLN FINANCIAL GROUP
8801 INDIAN HILLS DRIVE
OMAHA, NE 68114

RECEIVED
APR 11 2013
SECRETARY OF STATE

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

FRANKFORT KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____     _____Clerk
                                     By: _____D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____
this _____ day of _____, 2_____.

Served by: _____
           _____Title

# JEFFERSON County
# Random Judge Assignment Report

**Court:** Circuit Court

**Requestor:** SAMANTHA_FOGEL       **Reference/Case Number:** 13-ci-001643

**This Case has been Assigned to:** 3 **Division**

Judge Mitch Perry    630267

**Control Date/Time:** 04/01/2013 10:54:55AM

**Date Printed:** 04/01/2013       **Time Printed:** 10:54:57AM       **Page:** 1

NO.                                          JEFFERSON CIRCUIT COURT
                                                DIVISION _____

**13 CI 001643**

| | | |
|---|---|---|
| TERESA WHITE | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | ) COMPLAINT | |
| | ) | |
| LINCOLN FINANCIAL GROUP | ) | DEFENDANT |
| 8801 INDIAN HILLS DRIVE | ) | |
| OMAHA NE 68114 | ) | |
| | ) | |
| SERVE: | ) | |
| SECRETARY OF STATE | ) | |
| 700 CAPITOL AVE | ) | |
| SUITE 152 | ) | |
| STATE CAPITOL | ) | |
| FRANKFORT KY 40601 | ) | |
| | ) | |

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
APR 0 1 2013
BY_____
DEPUTY CLERK

\*\*\*           \*\*\*           \*\*\*

Comes the Plaintiff, TERESA WHITE, by counsel, and for her cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Lincoln Group Insurance Company (hereinafter "carrier" or "Defendant" or "Lincoln") also sometimes known as "Life Insurance Company of North America" is a corporation doing business in the Commonwealth of Kentucky.
3. This is an action brought by a participant to recover short and long term disability benefits ("STD" and "LTD" respectively) due to her under the terms of a wage replacement insurance plan or contract. The contract is part of an employment benefit, and is therefor governed by §502(e) of the Employment Retirement Income Security Act

1

of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

4. This Court has concurrent jurisdiction with the Federal District Court.
5. This Complaint seeks Long Term Disability wage replacement.

## FACTS

6. Plaintiff was a full-time employee of employer ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 1120028888.
7. As a full time employee, Plaintiff was eligible for, and was participating in the long-term disability plan ("plan") offered by employer.
8. At all times relevant to This Complaint, the Plan was administered by Lincoln and at all relevant times Lincoln remained the so called "plan administrator".
9. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
10. Plaintiff applied for STD and was granted same. Subsequently, and with only two days remaining on the STD plan, the decision to grant benefits was denied.
11. The allegations set forth in numerical paragraph ten evince that Lincoln was merely, and in bad faith, attempting to avoid litigation under the LTD portion of the plan by frustrating Plaintiff's right to seek review and ultimate administrative adjudication under the LTD portion of the plan.
12. Lincoln's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Lincoln fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work. By relying only on its reviewing physicians, Lincoln has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).
13. Lincoln's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of her disability.

Lincoln refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Lincoln's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the Plaintiff is in error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

15. Lincoln is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

16. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

17. Defendant Lincoln's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

18. At all relevant times Lincoln was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

19. In accordance with the terms of the plan, the Plaintiff did apply for, Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

20. Defendant cannot legally ignore the finding of SSA without adequate explanation in its decision. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

## COUNT 1
### BREACH OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

22. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.

23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

## BAD FAITH

24. By ending STD benefits with only a few days remaining on that portion of the plan Lincoln is attempting to "game" the system and frustrate the purpose of ERISA review by unfairly and maliciously denying Plaintiff access to LTD administrative remedy.

25. The allegations set forth above permit the Plaintiff to seek bad-faith damages above and beyond those necessarily afforded in the ERISA statue.

WHEREFORE the Plaintiff prays as follows:
1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her ERISA contractual rights as well as any other rights;
4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;
5. For her costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228